OPINION
PER CURIAM.
After his arrest and subsequent conviction for armed robbery and aggravated assault, Ian D. Lemons sued the Atlantic City Police Department (“Department”) and police officers Joseph Rauch and James Herberto pursuant to 42 U.S.C. § 1983 for four million dollars. He claimed that the Department had an illegal pattern and practice of constitutional violations and failed to train and supervise its employees properly. Lemons also alleged he was arrested without probable cause and without a proper arrest warrant. More specifically, he contended that Rauch signed a criminal complaint against him without having firsthand knowledge of the incident and also did not appear before a judicial officer to swear to the complaint. He also claimed that Herberto issued a defective and illegal arrest warrant that led to his false arrest and false imprisonment.
The defendants filed a joint motion for summary judgment, to which Lemons did not respond. The District Court, construing the suit against the Department as a suit against Atlantic City, rejected the Department’s argument that it should be granted summary judgment solely because it could not be sued separately from Atlantic City. Nonetheless, the District Court granted summary judgment in favor of the Department/Atlantic City because Atlantic City could not be liable under § 1983 on a theory of respondeat superior, and because there was no evidence of an illegal policy or custom. The District Court denied the motion for summary judgment as it related to the individual defendants, rejecting their argument based on Heck v. Humphrey, 512 U.S. 477, 487, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). However, the District Court permitted the defendants to file a renewed motion to present evidence that the warrants were properly issued and that they had probable cause to arrest Lemons (noting that Lemons, who had not responded to the first motion would not suffer any prejudice).
Rauch and Herberto filed a renewed motion for summary judgment, arguing and presenting evidence to show that they had probable cause to issue warrants and arrest Lemons and that the criminal complaints against Lemons were properly pre *724 pared and sworn to before a judicial officer. Lemons responded, arguing that the defendants’ documents were “doctored-up” (meaning that CDR1 forms ordinarily used for summons were made to appear to be CDR2 forms, which are used for arrest warrants); that Herberto improperly administered the oath for the complainant; that Rauch improperly relied on hearsay to file the criminal complaint; that the defendants did not swear to the complaint before a judicial officer; and that the defendants otherwise failed to establish probable cause for Lemons’s arrest. The District Court rejected Lemons’s arguments and granted the renewed motion. Lemons appeals and requests that counsel be appointed for him. The defendants oppose his counsel motion.
We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over a decision to grant summary judgment. See Abramson v. William Paterson College, 260 F.3d 265, 267 (3d Cir. 2001). Upon review, we conclude that Lemons’s appeal must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) because it has no arguable basis in fact or law. See Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).
It is not entirely clear at this prebriefing stage whether Lemons appeals only from the District Court’s order granting the renewed motion for summary judgment. He specified only the one order in his notice of appeal and attached the District Court’s memorandum and order to his notice of appeal. However, Lemons wrote in his notice of appeal that he appeals from the District Court’s whole order, which included a notation about closing the case. Furthermore, in his motion for appointment of counsel, he alludes to the procedures used by Atlantic City itself in addition to referring to issues relating to the individual defendants. For these reasons, we treat this case as a case in which a designated final order brings up the earlier order for our review. See, e.g., Pacitti v. Macy’s, 193 F.3d 766, 777 (3d Cir.1999).
The earlier order granting summary judgment in favor of Atlantic City was proper. It is well-established that there is no respondeat superior liability in § 1983 actions. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir.1988). Furthermore, faced with the motion for summary judgment, Lemons presented no proof of an illegal custom or practice. In fact, he did not respond at all. See Fed. R.Civ.P. 56(e)(2).
Although Lemons did respond to the individual defendants’ subsequent motion for summary judgment, he did not controvert the facts the defendants put into evidence. He contended that he was arrested without probable cause and without a proper arrest warrant based on the use of the wrong form, a “doctored-up” CDR1 form instead of a CDR2 form. Pursuant to Rule 3:2-3 of the New Jersey Court Rules, an arrest warrant should be made on a CDR2 form. A deputy court administrator averred that CDR2 forms were used and that no form was altered. Lemons offered no proof of the contrary, only his allegations, which are insufficient to defeat a motion for summary judgment.
Lemons also contended that Herberto could not administer the oath for the criminal complaints. The defendants presented evidence of presumptively valid complaints sworn before Herberto, the police officer presumptively in charge of the police station. See State v. Ambroselli, 356 N.J.Super. 377, 812 A.2d 1122, 1125 (N.J.App.Div.2003). Under New Jersey law, such a police officer may administer oaths for complaints. See N.J. Stat. Ann. 2B:12-21b. Lemons did not present evidence to controvert the presumption that Herberto was the authorized officer.
*725 Lemons also attacked the warrants as fraudulent on the basis that Herberto both administered the oath and issued the warrants. However, the warrants were issued by the deputy court administrator (whose signature appears below the words “date warrant issued”). A deputy court administrator is authorized to issue warrants under New Jersey law. See N.J. Stat. Ann. 2B:12-21(a); see also Ambroselli, 812 A.2d at 1125.
Lemons also complained that Rauch relied on hearsay to file the criminal complaint against him. However, Rauch could rely on hearsay if a substantial basis for crediting the hearsay existed. See Illinois v. Gates, 462 U.S. 213, 219, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); cf. United States v. Ventresca, 380 U.S. 102, 108, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965) (citation omitted). The defendants presented evidence that Rauch relied on an anonymous tip that included Lemons’s name and description, information from a “reliable confidential informer,” and a positive identification from the victim. As the District Court did, we conclude that the three independent sources of information, which corroborated one another, constituted a substantial basis for crediting the hearsay. Moreover, although Lemons otherwise argued more generally that his arrest was without probable cause, the evidence presented by the defendants established probable cause.
Lastly, Lemons contended that his arrest was unconstitutional because he was not afforded an opportunity to confront his accuser. However, he did not have a right to confront his accuser at the time his arrest warrants issued. Cf. Crawford v. Washington, 541 U.S. 36, 42-50, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004) (examining the history of the Confrontation Clause).
In short, based on the uncontroverted evidence before the District Court, probable cause existed for Lemons’s arrest and his arrest warrants were properly issued. Accordingly, the District Court properly entered judgment in favor of the defendants. Lemons’s appeal from that decision is without merit. For these reasons, we will dismiss Lemons’s appeal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). We deny Lemons’s motion for appointment of counsel. See Tabron v. Gmce, 6 F.3d 147, 153 (3d Cir.1993).